PER CURIAM.
The plaintiff in error was arrested on an affidavit sworn out before the mayor of the city of Wooster charging him with the violation of one of the city ordinances in that:
“On or about the 20th day of February, A. D. 1913, at the city of Wooster, county of Wayne and state of Ohio, opened up and conducted a store for the temporary sale of goods, wares and merchandise in a store-room on South Market street, in said city, which goods, wares and merchandise consisted of pianos. He, the said H. F. Evans, being then and there a transient dealer in said goods, wares and merchandise without getting a license or paying a license fee so to do. Said H. F. Evans at said time and place not selling by sample only nor was he a producer offering or exposing for sale agricultural articles or products, nor a manufacturer of said goods, wares and merchandise nor were they products of his own raising, contrary to Secs. 253, 254 and 255 of the Revised Ordinances of the city of Wooster, Ohio.”
After certain preliminary motions and demurrers to the affidavit had been filed a trial was had before the said mayor resulting in the' conviction of plaintiff in error for the offense *251 charged, and upon such conviction he was ordered to pay a fine of $25 and costs, and to stand committed until the fine and costs are paid. A bill of exceptions was prepared embodying the testimony that was offered before the mayor and the case was taken by a petition in error to the court of common pleas where the finding and judgment of the mayor were affirmed.
A petition in error was then filed in this court seeking to reverse the judgment of the court of common pleas and of the said mayor. No copy of the ordinance appears in the record, and it is claimed that in testing the sufficiency of the affidavit under the ordinance of the city, the court is without authority to look to the ordinance itself, or to take judicial notice of its existence, and therefore that it must be presumed that the affidavit and ordinance were sufficient to sustain the conviction. And this seems to be the law in Ohio, so held in Nelson v. Berea,, 12 Circ. Dec. 329 (21 R. 781), which was afterwards affirmed by the Supreme Court without opinion, Nelson v. Berea, 66 Ohio St. 668. But it is urged as error to this court that the statutes authorizing cities and villages to pass ordinances such as the ordinance must have been, under which this defendant was convicted, were and are unconstitutional by reason of being in conflict with the provisions of both the state and federal constitutions.
While we can not look to the ordinance itself we can look to the statute that authorizes a city or village to pass such an ordinance, and as the ordinance itself defining certain acts as offenses against the municipality can not rise higher than the source which authorizes it to be passed as part of the law of the municipality, if the statute or source from which it is derived is violative of the provisions of the constitution, the ordinance itself must be so.
The statutes authorizing cities and villages to pass ordinances making such offenses as the plaintiff in error was charged with, punishable are Sees. 3673-3676 G. C. These sections provide that municipalities shall have the general power to license transient dealers or persons who temporarily open stores or places for the sale of goods, wares or merchandise, and in granting such license may exact and receive such sum of *252 money as it may think expedient and delegate to the mayor thereof authority to grant, issue and revoke such licenses.
Certain exceptions are made to the authority thus given, such as that the provisions of these sections shall not apply to persons selling sample only, and excusing persons from being required to have a license to sell their own product. It is held in Flatau v. Mansfield, 7 Circ. Dec. 39 (14 R. 592 j, in the second clause of the syllabus that the act of March 25, 1890, authorizing the licensing of transient dealers in cities and villages violated Secs. 1 and 2 of the bill of rights and is therefore invalid. It was further held by the circuit court of Licking county that the statute authorizing the passage of an ordinance similar in its provisions and making the same acts complained of in this proceeding criminal and punishable by fine, was unconstitutional and void. This judgment of the Licking county court was afterward affirmed by the Supreme Court of Ohio. These two judgments having been given by the circuit court of this appellate district of which this court is the successor, we feel that these decisions are the law so far as this district is concerned, and that we are bound by them and therefore bound to hold that the sections of the statute referred to authorizing the ordinance under which this prosecution is held are at least unreasonable in the authority granted, and for that reason the ordinance passed under the provisions of such statute is unauthorized and void. Further the matters and things which are held in Flatau v. Mansfield, supra, to render the ordinance under discussion in that case void apply with equal force to any ordinance such as would authorize the prosecution of an offense such as is prosecuted in this case, that is, there is no provision either in the statute authorizing municipalities to license transient dealers and those who temporarily open stores for the sale of goods, wares and merchandise, or defining what is meant by opening a store for the temporary sale of goods, or what constitutes a transient dealer. That is, there is no limit fixed in the statute, and therefore no limit could be fixed by ordinance under the statute which defines what length of time shall constitute a temporary sale of goods or the temporary opening of a store for the sale of goods, and because these things are so held to be un *253 constitutional we feel that any ordinance such as the one under which this plaintiff in error was prosecuted, would be an unreasonable exercise of the authority granted by the legislature to municipalities and would therefore be void. Sipe v, Murphy, 49 Ohio St. 536 [31 N. E. 884; 17 L. R. A. 184].
It will therefore be the judgment of this court that the judgment of the court of common pleas affirming the judgment of the mayor of Wooster shall be reversed and the prisoner will be discharged. The defendant in error will pay the costs.